UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN RICHARD McKEE, | No. C 09-3752 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL WITH LEAVE TO AMEND** |
| v. | |
| GREGORY J. AHORN; et al., | |
| Defendants. | |

### INTRODUCTION

Steven Richard McKee, an inmate at the Santa Rita Jail in Alameda County, filed a pro se civil rights action under 42 U.S.C. § 1983 about his medical care at the jail. His complaint is now before the court for review under 28 U.S.C. § 1915A.

### DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

McKee's complaint concerns his medical care at the jail. However, his complaint does not describe his particular medical problem(s), or describe any of the particular ways in which defendants denied him treatment. Instead, his complaint has several conclusory allegations that the response of jail officials to his medical needs was unconstitutional and directs the reader to several grievances attached to his complaint for the details.

The court will not read through exhibits to attempt to piece together a claim for a plaintiff. It is McKee's duty to provide a statement that is a complete statement of the claim(s) against each of the defendants. He must file an amended complaint that sets forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

In preparing his amended complaint, McKee should bear in mind that, when an inmate alleges that his medical care has been constitutionally inadequate, he must allege two things to state a claim for a violation of his Eighth Amendment rights: (1) a serious medical need and (2) deliberate indifference to that need by prison officials. See McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, WMX Technologies, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Negligence does not rise to the level of an Eighth Amendment violation. See McGuckin, 974 F.2d at 1059.[1]

For each instance of a constitutional violation, McKee should name each person who violated his constitutional right(s), describe what each person did to violate his right(s), state where the violation occurred, and when the violation occurred. He must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them

---

[1] The complaint does not state whether McKee was a prisoner or a pretrial detainee at the time of the alleged problem. In his amended complaint, McKee should state whether he was a convict or a pretrial detainee at the time of the alleged problem because his status makes a difference as to the constitutional provision under which his claim arises. His claim would arise under the Eighth Amendment if he was a convict and under the Fourteenth Amendment's Due Process Clause if he was a pretrial detainee.

2

as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **June 18, 2010**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: May 12, 2010

_____
SUSAN ILLSTON
United States District Judge

3